*970 CALLAHAN, Circuit Judge,
concurring in part and dissenting in part.
I concur in the majority’s disposition to the extent that it holds that the Board of Immigration Appeals (“BIA”) erred in relying on the egregious conduct standard articulated in Matter of Compean, Bangaly & J-E-C-(Compean I), 24 I & N Dec. 710 (A.G.2009). See Matter of Compean, Bangaly & J-E-C-(Compean II), 25 I & N Dec. 1, 3 (A.G.2009) (vacating Compean I), 24 I & N Dec. 710 (A.G.2009). However, I dissent from the remainder of the majority’s disposition.
The majority finds that Franco’s attorney’s failure to include portions of the Harvard report is facial ineffective assistance of counsel in contravention of Matter of Lozada, 19 I & N Dec. 637 (BIA 1988). I disagree. Franco conceded that he did not comply with the Lozada requirements and the BIA concluded that while the omitted material might have been relevant—and might even have presented a more compelling case for Franco—the submission of the omitted portions of the report would not make it more likely than not that Franco would be entitled to protection under the CAT and that the failure of Franco’s attorney to include the omitted portions did not rise to the level of ineffective assistance of counsel. Specifically, the BIA determined that the omitted material did not demonstrate that Franco was likely to be tortured. Furthermore, the BIA noted that the entire Harvard report did not overcome the other evidence in the record considered by the Immigration Judge, which included a State Department Issue Paper.
The BIA’s determination that the material in the Harvard report did not overcome the other evidence in the record regarding Franco’s CAT claim is not an unreasonable evaluation of Franco’s case and we are not entitled to reweigh the evidence on appeal. Donchev v. Mukasey, 553 F.3d 1206, 1213 (9th Cir.2009); Kotasz v. I.N.S., 31 F.3d 847, 851 (9th Cir.1994). Accordingly, despite the BIA’s error in relying on Compean I, I would affirm the BIA’s ineffective assistance of counsel determination.
I would also affirm the BIA’s lack of prejudice determination. At issue here is whether the omitted portions of the Harvard report would have affected whether or not the BIA granted Franco’s CAT claim. The BIA gave specific reasons for why the omitted material in the Harvard report would not affect Franco’s CAT claim. In context, it is clear that the BIA reasonably concluded that the submission of the entire Harvard report would not have affected the outcome of Franco’s claim, so remand on this issue is unnecessary and again fails to respect the deferential standard of review we owe the BIA. See, e.g., Halim v. Holder, 590 F.3d 971, 975 (9th Cir.2009).